IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN J. NICHOLSON,

      Plaintiff,

vs.                                                              Civ. No. 19-446 KWR/KK

ANGELO GULINO,

      Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S SECOND MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff's Second Motion to Compel Defendant to Respond to First Set of Interrogatories and Requests for Production and to Produce Requested Documents, and for a Ruling on Requests for Admissions (Doc. 71) ("Second Motion to Compel"), filed September 4, 2020.  Defendant filed a response in opposition on September 18, 2020, (Doc. 75), and Plaintiff filed a reply in support of his motion on October 2, 2020.  (Doc. 76.)  The Court, having reviewed the parties' briefs, the record, and the relevant law, FINDS that Plaintiff's Second Motion to Compel is well-taken in part and shall be GRANTED IN PART and DENIED IN PART as set forth herein.

**I. Background and Procedural History**

This case arises out of an alleged $500,000 loan Plaintiff made to Defendant in 1992.  (Doc. 1 at 2.)  On May 15, 2019, Plaintiff filed suit against Defendant, claiming breach of the loan contract and seeking foreclosure of the mortgage that allegedly secured it. (Doc. 1 at 7-10.) Plaintiff has been represented by counsel throughout the litigation.  Defendant, however, appeared

*pro* se from the date of his answer to June 12, 2020, when counsel appeared on his behalf. (Docs. 7, 54.)

On December 4, 2019, Plaintiff served his First Set of Interrogatories, Request for Production of Documents and Requests for Admissions on Defendant. (Doc. 26.)  At a status conference on December 30, 2019, the Court ordered Defendant to respond to these requests by January 10, 2020. (Doc. 31 at 1-2.)  However, on February 7, 2020, Plaintiff filed a motion to compel ("First Motion to Compel"), asserting that Defendant had failed to serve any discovery responses by that date. (Doc. 39.)  Defendant finally served responses to Plaintiff's requests after the close of business on February 7, 2020.  (Doc. 71 at 6-24.)

As of April 30, 2020, the parties had submitted no further briefing on Plaintiff's First Motion to Compel.  Thus, on that date, the Court ordered Plaintiff to file a status report to address whether the parties had agreed to extend the deadline for Defendant to respond to the motion and, if not, whether Plaintiff intended to file a notice of briefing complete. (Doc. 49.)  In response, Plaintiff filed a Status Report Regarding Motion to Compel (Doc. 51), in which he represented that Defendant's February 7, 2020 responses were "incomplete," but that he only intended to "complete the briefing" on his First Motion to Compel if his Motion for Summary Judgment (Doc. 50) was unsuccessful.  (Doc. 51 at 1.)  Plaintiff's Motion for Summary Judgment is still pending.

On August 28, 2020, the Court denied Plaintiff's First Motion to Compel based on his failure to prosecute it.  (Doc. 68 at 2-3.)  In the same order, however, the Court instructed Plaintiff's counsel to confer with defense counsel regarding any outstanding discovery disputes and granted Plaintiff leave to refile his motion by September 4, 2020 if any disputes remained.  (*Id.*)  Plaintiff's Second Motion to Compel timely followed. (Doc. 71.)

## II. Analysis

In his Second Motion to Compel, Plaintiff asks the Court to: (1) compel Defendant to respond to Interrogatory No. 12 and Request for Production No. 1; (2) deem Plaintiff's requests for admission admitted or, alternatively, compel Defendant to answer Request for Admission No. 6; (3) compel Plaintiff to provide a notarized verification of his discovery responses; and, (4) impose sanctions on Defendant pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).[1] (Doc. 71 at 1-4.)

In his response to Plaintiff's motion, Defendant indicated he would supplement his discovery responses, (Doc. 75 at 1), which he did on September 22, 2020. (Doc. 76 at 1; *see id.* at 4-42). However, in his reply, Plaintiff argues that Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admissions ("Supplemental Responses") remain deficient. (Doc. 76 at 1-2.) Specifically, he argues that Defendant has still not provided a notarized verification of his responses and improperly changed his original answers to Requests for Admission Nos. 1 and 2 by way of his answer to Interrogatory No. 12.[2] (*Id.*) As a result, in addition to the relief requested in his motion, Plaintiff's reply asks the Court to: (1) strike the portion of Defendant's answer to Interrogatory No. 12 pertaining to his answers to Requests for Admission Nos. 1 and 2, and bind Defendant to his prior answers; (2) sanction Defendant for failing to provide a notarized verification of his discovery responses; and, (3) preclude Defendant from providing any documents in his defense that he has not already produced. (*Id.*) The Court will address Plaintiff's various requests in turn.

---

[1] Plaintiff also asks the Court to deem Defendant's objections to Plaintiff's discovery requests waived. (Doc. 71 at 4.) However, the Court will deny this portion of Plaintiff's motion as moot in light of the fact that, as further discussed below, Defendant has now fully responded to Plaintiff's requests without asserting any objections.

[2] Interrogatory No. 12 asks Defendant to provide the factual basis and identify all documents in support of any denial of Plaintiff's requests for admission. (Doc. 71 at 18.)

A. *Whether the Court should compel Defendant to respond to Interrogatory No. 12, Request for Production No. 1, and Request for Admission No. 6*

In his Second Motion to Compel, Plaintiff argues that Defendant failed to respond to Interrogatory No. 12, Request for Production No. 1, and Request for Admission No. 6. (Doc. 71 at 4.) However, Defendant responded to each of these requests in his Supplemental Responses. (Doc. 76 at 4-5.) Moreover, although Plaintiff maintains in his reply that Defendant's Supplemental Responses are deficient, the reasons he gives are unrelated to the adequacy of Defendant's responses to these requests. (*See* Doc. 76 at 2 (arguing that Defendant's Supplemental Responses are deficient because they change prior admissions to denials and are not verified).) As such, the Court will deny as moot the portion of Plaintiff's motion asking the Court to compel Defendant to respond to Interrogatory No. 12, Request for Production No. 1, and Request for Admission No. 6.

B. *Whether the Court should strike the portion of Defendant's answer to Interrogatory No. 12 pertaining to his answers to Requests for Admission Nos. 1 and 2*

Next, Plaintiff argues that Defendant improperly changed his original answers to Requests for Admission Nos. 1 and 2 by way of his answer to Interrogatory No. 12 in his Supplemental Responses. (Doc. 76 at 1-2.) As such, Plaintiff asks that this portion of Defendant's answer to Interrogatory No. 12 be stricken and that Defendant be bound by his original answers to Requests for Admission Nos. 1 and 2. (*Id.*)

Request for Admission No. 1 asks Defendant to "[a]dmit you requested funds in the amount of $500,000 from the Plaintiff in this matter." (Doc. 71 at 23.) For his initial answer to this request, Defendant checked "[a]dmit" but wrote "[n]ot directly" beside the checkmark. (*Id.*) In his Supplemental Responses, Defendant clarified this answer by way of his answer to Interrogatory

No. 12, stating that "Alan Finkelstein requested the funds as described in [his] response to Interrogatories Nos. 2-3." (Doc. 76 at 4.)

Request for Admission No. 2, in turn, asks Defendant to "[a]dmit you received funds in the amount of $500,000 from the Plaintiff in this matter." (Doc. 71 at 23.) Again, for his initial answer to this request, Defendant checked "[a]dmit" but wrote "[n]ot directly" beside the checkmark. (*Id.*) In his Supplemental Responses, Defendant clarified this answer by way of his answer to Interrogatory No. 12, stating that he "did not receive the funds, [his] sister did." (Doc. 76 at 4.) Nowhere in his Supplemental Responses did Defendant state that he intended to change his prior answers to Requests for Admission Nos. 1 and 2. (*See generally id.*) Rather, the evident purpose of the relevant portions of his answer to Interrogatory No. 12 was to clarify what he meant by checking "[a]dmit" but then writing "[n]ot directly."

Under Federal Rule of Civil Procedure 36, "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). While Defendant's initial answers to Requests for Admission Nos. 1 and 2 could have more clearly stated his intent to admit in part and "qualify or deny the rest," *id.*, the Court finds that they satisfy Rule 36's requirements in light of Defendant's then-*pro se* status. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.") (citation omitted). The Court further finds that Defendant's answer to Interrogatory No. 12 does not improperly attempt to change his original answers to these requests, but rather merely clarifies which parts of the requests are admitted and which parts are denied. As such, the Court will deny Plaintiff's Second Motion to Compel to the extent that it asks the Court

to strike the portion of Defendant's answer to Interrogatory No. 12 pertaining to his answers to Requests for Admission Nos. 1 and 2.

C.  *Whether the Court should compel Defendant to provide a notarized verification of his discovery responses*

Next, Plaintiff argues that Defendant should be compelled to provide a notarized verification of his discovery responses. (Doc. 71 at 4-5; Doc. 76 at 2.) In his Supplemental Responses, Defendant stated that he would "execute and provide a verification of all discovery responses as soon as possible." (Doc. 76 at 4-5.) However, as of the filing of this Order, the record includes no evidence that Defendant has verified his responses.

Federal Rule of Civil Procedure 26 states that every discovery response or objection "must be signed . . . by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 26(g)(1). "Other parties have no duty to act on an unsigned . . . response[] or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the . . . party's attention." Fed. R. Civ. P. 26(g)(2).

The rules pertaining to requests for production and admission do not require a party to respond to such requests under oath. *See* Fed. R. Civ. P. 34, 36. In fact, in 1970, "[t]he requirement that the answer to a request for admission be sworn [wa]s deleted, in favor of a provision that the answer be signed by the party or by his attorney." Fed. R. Civ. P. 36(a), Advisory Committee Notes to 1970 Amendment. Courts have therefore held that a party is not required to respond to requests for admission under oath. *See, e.g., Richard v. Dignean*, 332 F.R.D. 450, 458 (W.D.N.Y. 2019). Thus, the Court concludes that Defendant need not verify under oath his responses to Plaintiff's requests for production and admission. (Doc. 71 at 24.) However, because he did not

sign his responses to requests for production and admission, the Court will order him to re-serve his original responses with his signature included as required by Rule 26(g).

Turning to Defendant's answers to interrogatories, Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(1)(3). While Rule 33 requires interrogatory answers to be made "under oath," it "does not prescribe any particular form of verification." *Richard*, 332 F.R.D. at 458 (quoting *Zanowic v. Reno*, No. 97-5292 JGK/HBP, 2000 WL 1376251, at *5 (S.D.N.Y. Sept. 25, 2000)). "In other words, there is more than one way to satisfy the requirement that interrogatory responses be made under oath." *Id.* at 457 (citation omitted). For example, in lieu of signing a sworn verification, a party may submit a declaration that complies with the requirements of 28 U.S.C. § 1746.[3] *Id.*; *see, e.g., In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487-488 (2d Cir. 2013) (applying Section 1746 to interrogatory answers); *United States v. That Certain Real Prop. Located at 632-636 Ninth Ave., Calera, Ala.*, 798 F. Supp. 1540, 1547 (N.D. Ala. 1992) (same).

Here, although Defendant signed the verification page Plaintiff provided and included the year and month of his signature, he omitted the day, and he did not state that his answers were made under oath. (*Id.*) Nor does the verification page he signed substantially conform to the requirements of 28 U.S.C § 1746. (*Id.*) Thus, the Court will compel Defendant to verify his

---

[3] Section 1746 provides that where

> any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit … such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement … in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:…'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date) (Signature).'"

28 U.S.C. § 1746.

interrogatory answers under oath within the meaning of Rule 33.  The Court will not require Defendant to sign the verification page Plaintiff supplied after swearing an oath before a notary public.  However, the Court will direct Defendant, at his option, to either:  (a) swear to his interrogatory answers in a manner that fulfills Rule 33's "under oath" requirement, such as by signing a sworn verification; or, (b) submit an unsworn verification that declares under penalty of perjury that his answers are true and correct.

D.      *Whether the Court should deem Plaintiff's Requests for Admission admitted*

Plaintiff next asks that his requests for admission to Defendant be deemed admitted pursuant to Federal Rule of Civil Procedure 36.  (Doc. 71 at 4; Doc. 76 at 2.)  Under Rule 36, "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).  However, the rule also provides that "the court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *see also Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987) ("Rule 36(b) permits withdrawal where it promotes a decision on the merits while not prejudicing the party who obtained the admission.").  Consequently, courts are advised to avoid admissions "that otherwise would result from a failure to make timely answer" when such avoidance "will aid in the presentation of the merits of the action and will not prejudice the party who made the request." 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2257 (3d ed. 1998) (Oct. 2020 update).

Here, Plaintiff argues that the Court should deem his requests for admission admitted because Defendant did not respond to them until after the Court-ordered deadline of January 10, 2020.  Plaintiff is correct that, ordinarily, his requests would be deemed admitted by operation of Rule 36(a)(3).  However, having considered all of the relevant circumstances, the Court in its discretion finds that permitting Defendant's otherwise untimely answers will aid in the presentation of the merits of the case and will not prejudice Plaintiff.  Defendant responded to Plaintiff's requests less than a month after the Court-ordered deadline and more than a month before the close of discovery[4]; and, his responses were available well before the pretrial motions deadline to support Plaintiff's summary judgment motion.[5]  (Docs. 22, 46.)  Particularly in light of Defendant's then-*pro se* status, and his poor health during the relevant time period, to deem these requests admitted would be unjust and would not promote a decision on the merits.  Accordingly, the Court will deny Plaintiff's request to deem his requests for admission admitted.

E.  *Whether the Court should sanction Defendant under Rule 37*

Finally, Plaintiff asks the Court to sanction Defendant pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for his failure to fully and timely respond to Plaintiff's discovery requests in compliance with the Court's December 30, 2019 order.  (Doc. 31 at 1-2; Doc. 71 at 4.)  In particular, Plaintiff asks the Court to preclude Defendant from "providing any additional documents in his defense that have not already been produced." (Doc. 76 at 2.)  Under Rule 37(b)(2)(A), "if a party . . . fails to obey an order to provide or permit discovery," courts "may" impose a range of sanctions, including "prohibiting the disobedient party . . . from introducing

---

[4] Defendant did not admit Request for Admission No. 6 until he submitted his Supplemental Responses on September 22, 2020.  (Doc. 76 at 1, 4-5.)  However, he did respond to this request in his original discovery responses by putting a question mark next to it, indicating that he did not understand it.  (Doc. 71 at 23.)

[5] Thus, Plaintiff filed a Memorandum of Law in Support of his Motion for Summary Judgment in his Favor on Counts I and II of the Amended Complaint and for Order for Foreclosure Sale, to which he attached Defendant's responses to his requests for admission, on April 17, 2020.  (Doc. 46 at 33-34.)

designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Any such "[s]anction[] must be 'just' and related to the claim 'at issue in the order to provide discovery.'" *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).

In considering a request to impose sanctions under Rule 37(b)(2), courts in this Circuit have applied the factors identified in *Ehrenhaus,* 965 F.2d at 916. *See, e.g., Arlin Geophysical v. United States*, No. 2:08-CV-00414-DN-EJF, 2012 WL 5360967, at *2 (D. Utah Oct. 31, 2012). These factors are: (1) the degree of actual prejudice to the non-offending party, (2) the amount of interference with the judicial process, (3) the culpability of the disobedient party, (4) whether the court warned the disobedient party in advance that sanctions would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921 (citations omitted).

Applying these factors to the present case, first, as discussed in Section II.D., *supra*, Defendant's delays in responding to Plaintiff's discovery requests have not prejudiced Plaintiff in any appreciable way. (Docs. 71, 76.) Second, while Defendant's delays have resulted in some interference with the judicial process, that interference is partly due to Plaintiff's decision not to pursue his First Motion to Compel for several months and is otherwise not so great as to justify the imposition of sanctions. Third, there is no evidence that Defendant's delays were intentional; on the contrary, they appear to have resulted from a combination of his *pro se* status and poor health. (*See* Doc. 31 at 1.) Fourth, Defendant was not warned that his failure to timely respond to Plaintiff's requests would result in sanctions. (*Id.* at 1-2.) And finally, now that Defendant is represented by counsel, the Court has no reason to believe any sanctions are necessary to ensure his future compliance with Court orders.

In sum, the Court finds that sanctions under Rule 37(b)(2)(A) would be unjust and inappropriate and will deny Plaintiff's motion to the extent that he asks the Court to impose them. *Klein-Becker USA, LLC*, 711 F.3d at 1159.  For the same reasons, the Court declines to apportion the expenses the parties incurred in connection with Plaintiff's Second Motion to Compel. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If [a] motion [to compel] is granted in part and denied in part, the court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.") (emphasis added).

IT IS THEREFORE ORDERED that Plaintiff's Second Motion to Compel Defendant to Respond to First Set of Interrogatories and Requests for Production and to Produce Requested Documents, and for a Ruling on Requests for Admissions, (Doc. 71), is GRANTED IN PART and DENIED IN PART as follows:

1. The motion is GRANTED in that Defendant must **within twenty-one (21) days of entry of this Order** (a) re-serve his original responses to Plaintiff's requests for production and admission with his signature included, and (b) verify his answers to Plaintiff's interrogatories in a manner that fulfills the "under oath" requirement of Federal Rule of Civil Procedure 33;

2. The portions of the motion seeking an order compelling Defendant to respond to Interrogatory No. 12, Request for Production No. 1, and Request for Admission No. 6 and deeming Defendant's objections waived are DENIED AS MOOT; and,

3. In all other respects, the motion is DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE