IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN J. NICHOLSON,

        Plaintiffs,

vs.                                        Case No. 1:19-cv-00446-KWR-KK

ANGELO GULINO,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the following pending motions:

- Plaintiff's Motion for Default Judgment as to Count III **(Docs. 43, 45)**;

- Plaintiff's Motion for Summary Judgment **(Doc. 50)**;

- Defendant's Motion to Set Aside Clerk's Entry of Default as to Count III **(Doc. 59)**; and

- Defendant's Rule 56(d) motion to defer decision on Plaintiff's Motion for Summary Judgment and allow additional discovery **(Doc. 78).**

The Court finds good cause to set aside the entry of default as to Count III and therefore deny the motion for default judgment. Moreover, the Court finds Defendant's Rule 56(d) motion well-taken, and therefore will grant Defendant the opportunity to conduct discovery and will deny the motion for summary judgment without prejudice. The summary judgment motion may be refiled after the Rule 56(d) discovery is completed. Having reviewed the parties' pleadings and the applicable law, the Court rules as follows:

- Defendant's Rule 56(d) motion to defer decision on Plaintiff's Motion for Summary Judgment and allow additional discovery **(Doc. 78) is GRANTED.**

- Defendant has 120 additional days to conduct discovery on the factual matters raised in his Rule 56(d) affidavit and identified in this opinion;

- Plaintiff's motion for summary judgment **(Doc. 50)** is **DENIED WITHOUT PREJUDICE.** The motion may be refiled after the close of the limited Rule 56(d) discovery allowed in this opinion;

- Defendant's Motion to Set Aside Clerk's Entry of Default **(Doc. 59)** as to Count III is **GRANTED**. Defendant is granted leave to file an answer to Plaintiff's amended complaint within 30 days of the entry of this order; and

- Plaintiff's Motion for Default Judgment **(Docs. 43, 45)** as to Count III is **DENIED**

## BACKGROUND

This is a breach of contract and foreclosure action. Plaintiff alleges he has a mortgage on a certain property and seeks to foreclose for alleged default. Defendant originally proceeded *pro se*. After Plaintiff filed the summary judgment motion, Defendant obtained legal aid counsel.

Plaintiff's amended complaint asserts the following claims:

Count I:  Breach of Contract

Count II:  Foreclosure of Mortgage; and

Count III: Unjust Enrichment (Equitable Lien).

Although Defendant filed an answer to the initial complaint, he failed to file an answer to the Amended Complaint which added Count III. The Clerk entered default on Count III. **Doc. 48.**

## DISCUSSION

I.  **Motion to Set Aside Entry of Default of Count III is well-taken and granted.**

Defendant moves to set aside the default as to Count III. Plaintiff seeks default judgment. The Court will set aside the entry of default and deny the motion for default judgment.

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause." "In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs.,* 316 Fed.Appx. 744, 750 (10th Cir. 2009), *quoted in Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014).

Defendant is *pro se,* 76 years old, and has no income.  He also suffered health issues during the pendency of this case, including a stroke, which affected is ability to defend this case *pro se*. Defendant filed a *pro se* answer raising affirmative defenses, attended some status conferences, and eventually responded to Plaintiff's discovery requests.  Defendant was generally participating in the case.

However, Plaintiff obtained an entry of default on Count III.  The Court notes that the *pro se* Defendant filed an answer to Plaintiff's first complaint, which only contained Counts I and II. Plaintiff subsequently filed an amended complaint containing Count III, and Defendant failed to file an answer.  Defendant plausibly asserted that he did not understand he had to file an answer to the amended complaint.  **Doc. 59-1 at ¶ 12.**

Given Defendant's *pro se* status at the time of the filing, and the fact that he filed an answer to the original complaint, the Court finds that any default was more likely than not inadvertent and not willful.

Defendant also presents a defense on the merits and asserts several affirmative defenses. **Doc. 59 at 5-7.**

Finally, Plaintiff will likely not be prejudiced because default was only entered on one count. Defendant appears to assert similar defenses as to all counts.  Although Plaintiff may suffer delay, he has not articulated what other prejudice he would suffer.  *See Atlantic Recording Corp.*

3

*v. Brennan*, 534 F. Supp. 2d 278, 282 (D. Conn. 2008) (party may be prejudiced if there is loss of evidence, increased difficulty of recovery, or opportunity for fraud).

Because the Court sets aside the entry of the default, the Court also denies the motion for default judgment as to Count III.  *See, e.g., Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Because the district court properly set aside the entry of default, and because a default judgment cannot have been entered in the absence of such entry, it ineluctably follows that the district court did not abuse its discretion in denying Mr. Watkins's motion for default judgment against the Ingram Defendants.").

Therefore, Defendant's motion to set aside entry of default as to Count III is **GRANTED** and Plaintiff's Motion for Default Judgment as to Count III is **DENIED.**

## II.     Defendant's Rule 56(d) motion for additional discovery is well-taken and Plaintiff's motion for summary judgment will therefore be denied without prejudice.

Plaintiff filed a motion for summary judgment as to Counts I and II.  Defendant seeks additional time for discovery to respond to the motion to summary judgment pursuant to Fed. R. Civ. P. 56(d).  Fed. R. Civ. P. 56(d) provides:

> d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>    (1) defer considering the motion or deny it;
>    (2) allow time to obtain affidavits or declarations or to take discovery; or
>    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  A non-movant requesting additional discovery under Rule 56(d) "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Birch v. Polaris Indus., Inc.*,

4

812 F.3d 1238, 1249 (10th Cir. 2015) (quotations omitted), *quoted in Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016).

Here, Defendant obtained counsel after the motion for summary judgment was filed. Defendant seeks additional discovery to:

- assert a statute of limitations defense by showing that default occurred in 2010 on the unwritten contract;
- show that the 9% interest rate on the loan and the term "payable on demand" were not contained in any written agreement;
- show that Plaintiff loaned money to Joann Rankin Gulino, not the defendant (and therefore the appropriate partyis the Ms. Gulino's estate); and
- discover why Plaintiff waited so long to pursue his claims, which is relevant to defense of laches, waiver, and equitable estoppel.

**Doc. 78-1 at 2.**  In response, Plaintiff did not rebut the affidavit's factual assertions or explain whether discovery of these facts is irrelevant to summary judgment.  Rather, Plaintiff asserted that the Rule 56(d) affidavit was untimely, but did not provide any case law on timeliness of a Rule 56(d) motion.

Defendant is 76 years old, has medical issues, and is unable to navigate the legal process *pro se*.  Defendant did not obtain legal aid counsel until after the motion for summary judgment was already filed and the response deadline had passed. Given these unique circumstances, defense counsel did not have adequate time to conduct necessary discovery and the Court finds this motion was timely.

Moreover, Defendant's affidavit has satisfied the factors quoted above.  Defendant has (1) identified the facts to be discovered; (2) explained why those facts cannot be asserted now; (3) identified what steps he has taken to obtain that discovery; and (4) the time necessary to obtain the discovery.  Defendant's requested 120 days for discovery appears reasonable.

Therefore, Plaintiff's motion under Rule 56(d) for additional discovery **(Doc. 78)** is **GRANTED** and Plaintiff's motion for summary judgment as to Counts I and II **(Doc. 50)** is **DENIED WITHOUT PREJUDICE**.  Defendant's request for 120 days for discovery is reasonable.  Plaintiff may file a new motion for summary judgment after the close of the Rule 56(d) discovery.  The parties are expected to conduct discovery in good faith.  To the extent there is a discovery dispute or scheduling issue, the matter may be handled by United States Magistrate Judge Kirtan Khalsa.

**IT IS THEREFORE ORDERED** that:

- Defendant's Rule 56(d) motion to defer decision on Plaintiff's Motion for Summary Judgment and allow additional discovery **(Doc. 78) is GRANTED.** Defendant has 120 additional days to conduct discovery on the factual matters raised in his Rule 56(d) affidavit **(Doc. 78-1)** and identified in this opinion;

- Plaintiff's motion for summary judgment **(Doc. 50)** is **DENIED WITHOUT PREJUDICE.**  The motion may be refiled after the close of the limited Rule 56(d) discovery allowed in this opinion;

- Defendant's Motion to Set Aside Clerk's Entry of Default **(Doc. 59)** as to Count III is **GRANTED**.  Defendant is granted leave to file an answer to Plaintiff's amended complaint within 30 days of the entry of this order; and

- Plaintiff's Motion for Default Judgment **(Docs. 43, 45)** as to Count III is **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE