IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN J. NICHOLSON,

    Plaintiff,

v.    No. 1:19-cv-00446-KWR-KK

UNKNOWN HEIRS, DEVISEES, AND
LEGATEES OF ANGELO GULINO,
DECEASED, VINCENT GULINO AND
CORRINE GULINO

    Defendants.

## JUDGMENT AND ORDER APPOINTING SPECIAL MASTER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Award of Amounts and Appointment of Special Master (Motion) and Elizabeth Dranttel's Affidavit of Attorney Fees and Costs (Affidavit), both filed on October 19, 2022. (Docs.122 and 124). Defendants Unknown Heirs, Devisees and Legatees of Angelo Gulino, Deceased, Vincent Gulino and Corrine Gulino having failed to respond, and the Court having reviewed the Motion, the Affidavit, and the accompanying briefs, the Court **GRANTS** the Motion.

Plaintiff seeks an order awarding $2,134,932.72 the total amount owed on the Note (including interest and taxes) at issue in this foreclosure action as of July 25, 2022, and $45,607.33, the amount of attorney's fees and costs incurred in litigating this lawsuit. Plaintiff also requests that the Court appoint David Washburn as Special Master to hold the foreclosure sale of the property.

**IT IS ORDERED THAT:**

1. Plaintiff's Motion for Award of Amounts (Doc. 122) is **GRANTED**.

2. Plaintiff is awarded an *in rem* judgment in the amount of $2,134,932.72 to July 25, 2022;

3. Said Judgment will accrue interest from July 26, 2022, until the date of sale at 9.00% interest.

4. Plaintiff is awarded attorney's fees and costs in the amount of $45,607.33; and

5. The Property at issue in this lawsuit is ordered to be sold and that David Washburn, is appointed Special Master to advertise and sell the Property and make a report thereof to this Court as provided by law;

6. In the event that the Special Master is unable to conduct the sale when scheduled, the Special Master may designate a successor to act as Special Master, without further notice or order, and said successor shall conduct the sale, notice of which may have been published in the name of the original Special Master;

7. The Special Master is empowered to postpone the date and time of sale in the event the Special Master deems such postponement advisable and may sell the Property at such postponed sale on the terms set forth herein. Postponement of the sale of the Property may be effected by the Special Master appearing and announcing the new time, date, and place of sale to all persons attending at the time, date, and place originally published for the sale. In the event of a postponement, a notice of said postponement, including the time, date, and place of the rescheduled sale shall be filed with the court and served in the same manner and upon the same persons or entities as were served with the original Notice of Sale. No additional publication or notice of the postponed sale shall be required;

8. The Property shall be sold to the highest bidder for cash, free and clear of all liens or rights of Defendants, Unknown Heir, Devisees, and Legatees of Angelo Gulino, Deceased, Vincent Gulino and Corrine Gulino save only a nine (9) month right of

redemption, and of any persons claiming under and through them, or any persons claiming an interest by an instrument filed for record after the date of filing of the Notice of Lis Pendens in connection with this action, but subject to any unpaid taxes or liens or interests not foreclosed herein;

9. At said sale any party may, and hereby is authorized to, bid in the amount of its judgment or any portion thereof at the foreclosure sale as the equivalent of cash, provided, however, that if any party other than Plaintiff is the successful bidder, the bid must include cash to the extent necessary to pay the Special Master's fee, all costs and expenses of the foreclosure sale, and the amount of Plaintiff's judgment;

10. The proceeds of said sale shall first apply to the costs of sale, including Special Master's fee, to be hereafter fixed by the Court, for any costs incurred for the maintenance and protection of the property, and then to Plaintiff for application to Plaintiff's *in rem* judgment amount, interest through the date of sale, and Plaintiff's reasonable attorney's fees and any other costs. If the proceeds of the sale are greater than the amount due Plaintiff as set forth above, the excess will be deposited into the Court Registry and applied as determined by the Court.

11. Unless the Property to be sold is permitted to be, and is in fact, redeemed, which redemption period is hereby ordered to be nine (9) months, all persons claiming under, through or against the Borrower or any other named Defendant by instruments recorded subsequent to the Notice of Lis Pendens, shall be forever foreclosed from any and all right, title and interest in or lien or claim upon, or equity or redemption to the property;

12. This Court retains jurisdiction over this proceeding and the parties hereto so as to enter such further orders as may be appropriate upon the submission of the Special Master's

Report, to assess such additional costs for the Special Master, attorney's fees and interest as may be appropriate;

13. If any persons occupying the Property shall fail or refuse to vacate and quit possession of the Property after the sale, the purchaser thereof may request from this Court an Order of Forcible Entry and Detainer directing the United States Marshal, the Santa Fe County Sheriff, or any other law enforcement agency with jurisdiction to place the purchaser in possession of the Property; and

14. If personal property remains on the real property after entry of the order approving the sale in this matter, the personal property is deemed abandoned and the purchaser may dispose of the property in any manner pursuant to applicable law.

**IT IS SO ORDERED.**

**ENTERED THIS 9TH DAY OF NOVEMBER 2022.**

**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**